**STEUBNER REALTY 19, LTD., Appellant,**

v.

**CRAVENS ROAD 88, LTD., Fincher & Son Real Estate, Inc., d/b/a Fincher, Greenberg & Baca Investments, Fincher & Baca Investment Corporation, and William R. Fincher, Appellees.**

**No. C14–90–0279–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 3, 1991.

Edward Blizzard, Houston, for appellant.

Jess W. Mason, C. Michael Clerk, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Steubner 19, Ltd. appeals from a take nothing judgment entered in its suit against appellees for damages caused by Steubner 19's alleged reliance on appellees' representations about a parcel of land. In ten points of error, Steubner 19 challenges the trial court's rulings with respect to jury question 13. We affirm the trial court's judgment.

Cravens Road 88, Ltd. ("Cravens Road") owned an 88–acre tract of land and, in 1982, began negotiating to sell 70.96 acres of this tract to Jose Aramburo, general partner of Steubner 19, Ltd. ("Steubner 19"). In July 1982, William Fincher, the general partner of Cravens Road, offered the property at a "firm" price of $2,627,-000.00, and orally agreed to hold the property for Aramburo for ten days. Fincher learned that, as a prerequisite to obtaining any platting, subdivision, or building permits for the property, the city of Missouri City required dedication of a 120–foot wide easement on the northern boundary of the property for drainage. Fincher advised Aramburo of the City's requirement and Aramburo testified that he in turn notified his partners. Fincher further testified that he attempted to negotiate with the City for payment for the easement rather than donation. When the City refused, Fincher filed suit against the City in December 1982.

On September 14, 1982, Cravens Road and Aramburo, as Trustee of Steubner 19, entered into an earnest money contract reflecting a purchase price of $2,469,850.00, a $157,650.00 reduction from the previously agreed upon price of $2,627,500.00. Aramburo testified that this reduction in price was not due to the proposed drainage easement; however, Aramburo had previously testified by sworn affidavit that the price reduction was for the drainage easement. Regarding this affidavit, Aramburo testified that he swore to false information in the affidavit to help Fincher in his lawsuit against the City. In a letter Aramburo directed to one of the Steubner 19 limited partners after signing the earnest money contract, Aramburo stated that the price reduction was for six percent commission that did not have to be paid to a broker. The sale closed on October 12, 1982. Aramburo testified that he subsequently discovered that the proposed drainage easement extended into the seventeen and a half acres that Cravens Road retained and that no development could occur on Steubner 19's tract unless Cravens Road also allowed dedication of a portion of its tract to the City. Steubner 19 failed to make the first payment on the property in June 1983 and foreclosure occurred. Steubner 19 then filed the instant lawsuit, alleging fraud and negligent misrepresentation.

The jury found that appellees had made misrepresentations that the property was ready for development and that Steubner 19 had relied on these misrepresentations in deciding to purchase the property. The jury further found that Steubner 19 was

estopped from complaining about the drainage problems. Based on this finding, the trial court rendered judgment that Steubner 19 take nothing.

■ In points of error one through three, Steubner 19 claims that there was no evidence to support submission of jury question 13 regarding estoppel or to support the jury's finding of estoppel. Steubner 19 also claims the evidence is insufficient to support the jury's finding of estoppel. When a party alleges error in the jury charge, an appellate court must consider the parties' pleadings, the evidence presented at trial, and the charge in its entirety. *Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex.1986).

Steubner 19 objects to the following jury question:

### QUESTION NO. 13

Is the plaintiff estopped from complaining of any drainage hindrances on the property in question?

"Estoppel" is a rule to prevent one from taking advantage of a condition or situation, when, with knowledge of the facts, he has so conducted himself as to lead the other party to believe that he would not do as he did. Estoppel is based on the principle that one may not profit from his own or his agents [sic] wrongful act.

During deliberations, the jury asked the court for clarification regarding the term "estoppel," and the court sent the jury the following explanation:

Estoppel occurs when someone (or his agent) says or does something and another person reasonably relys [sic] on such statement or action to such an extent that it would be unfair to allow the first person to change his statement or action.

■ Steubner 19 claims that the definitions provided to the jury present only the doctrine of equitable estoppel. The elements of equitable estoppel are: (1) a false representation or concealment of material facts made with the intent that another party act on the false representation or silence, (2) the false representation or concealment of material facts was made by a party with knowledge of the facts, (3) the party to whom the representation was made or from whom facts were concealed was without knowledge or the means of knowledge of the real facts, and (4) detrimental reliance. *See Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 932 (1952). Steubner 19 claims that there was no evidence or insufficient evidence of any of these elements.

■ When a party challenges the legal sufficiency of evidence supporting submission of a jury question or supporting a jury's finding, we may consider only the evidence and inferences tending to support submission of the question or the jury's finding, disregarding all evidence to the contrary. *See Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). Steubner 19 also claims that insufficient evidence supports the jury's finding of equitable estoppel. Where a party challenges the factual sufficiency of the evidence, we must examine all the evidence and set aside the verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

■ We agree that no evidence supports submission of a jury question on equitable estoppel. The evidence shows that Steubner 19 knew of the drainage easement on the 70–acre tract, that Steubner 19 obtained the tract for $157,650.00 less than the purchase price originally agreed upon, and that Aramburo testified in a sworn affidavit that this price reduction was based on the drainage easement, hindering development of the property. Although this evidence shows that Steubner 19 knew of the impediments to development, it does not show that Steubner 19 made false representations or concealed material facts from appellees, that appellees were ignorant of the real facts, or that appellees detrimentally relied. Having failed to introduce evidence on all of the elements of equitable estoppel, appellees were not entitled to a jury question on equitable estoppel. We further find that no evidence sup-

ports the jury's finding of equitable estoppel. In reviewing all of the evidence, we also find that, insofar as question 13 submitted the defense of equitable estoppel, the affirmative finding was contrary to the overwhelming weight of the evidence.

■ Appellees alternatively contend that question 13 submitted the doctrine of quasi estoppel. Unlike equitable estoppel, quasi estoppel requires no showing of a false representation or detrimental reliance. *See Stimpson v. Plano Indep. School Dist.*, 743 S.W.2d 944, 946 (Tex.App.—Dallas 1987, writ denied); *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd.*, 548 S.W.2d 942, 948 (Tex.Civ.App.—El Paso 1977, no writ). "Quasi estoppel" is a term applied to certain legal bars, such as ratification, election, acquiescence, or acceptance of benefits. 31 C.J.S. *Estoppel* § 107 (1964). Section 107 of C.J.S. offers the following explanation of quasi estoppel:

> [T]he principle precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by him. The doctrine applies where it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced, or of which he accepted a benefit.

31 C.J.S. *Estoppel* § 107 (1964). *See Stimpson*, 743 S.W.2d at 946.

■ Steubner 19 contends that question 13 does not submit the defense of quasi estoppel and that appellees failed to plead or prove this defense. We disagree. In their third amended petition, appellees pled the affirmative defense of estoppel. This is sufficient to raise the defenses of equitable estoppel and quasi estoppel. Furthermore, we find that the definitions provided for question 13 submit the defense of quasi estoppel. Both definitions essentially state that estoppel precludes a party, with knowledge of the facts, from taking a position inconsistent with his or her former position to the disadvantage or injury of another, which is the definition of quasi estoppel. *See Stimpson*, 743 S.W.2d at 946; 31 C.J.S. *Estoppel* § 107 (1964). Having found that question 13 fairly submitted the defense of quasi estoppel, we must

determine whether legally sufficient evidence supported the submission.

■ As previously discussed, the evidence shows that Steubner 19 knew of the drainage easement, that the purchase price of the tract was reduced by $157,650.00, and that Steubner 19 knew that the price reduction was for the drainage problems hindering development of the property. Because the evidence shows that Steubner 19 knew of the drainage problems hindering development, quasi estoppel operates to bar Steubner 19, after purchasing the property, from taking the inconsistent position of claiming no knowledge of the impediments to development. Because we find that sufficient evidence supports both the submission of question 13 and the jury's finding, we overrule points one through three.

■ In points of error four and five, Steubner 19 asserts that estoppel is not a defense to fraud or negligence. Steubner 19 objected to the submission of question 13 on this ground. The jury questions on fraud and negligence asked the jury whether appellees represented to Steubner 19 that the property was ready for development. Because question 13 asks the jury whether Steubner 19 is estopped from complaining about any drainage hindrances on the property, Steubner 19 maintains that the jury's answer to question 13 does not refute the findings as to fraud or negligence. According to Steubner 19, a proper estoppel question would have inquired whether Steubner 19 was estopped from complaining that the property was not ready for development.

We disagree with Steubner 19's reasoning. In its fifth amended original petition, Steubner 19 alleged that appellees misrepresented that the property was ready for development. The only impediment to development alleged in the petition was the drainage easement. Thus, the jury's finding that Steubner 19 was estopped from complaining about the drainage problems is a defense to the claims of misrepresentation. Furthermore, Steubner 19 has waived any objection to the wording of question 13 since Steubner 19 did not ob-

ject to the submission of question 13 on this basis. *See Reed v. Israel Nat'l Oil Co., Ltd.*, 681 S.W.2d 228, 237 (Tex.App.—Houston [1st Dist.] 1984, no writ); TEX. R.CIV.P. 274. We overrule points of error four and five.

In points of error six and seven, Steubner 19 claims that the trial court erred in refusing to grant the motion to disregard the jury's finding under question 13 as immaterial. A trial court may disregard a jury's answer to an issue if no evidence supports the jury's finding or if the issue is immaterial. *Hughes v. Aycock*, 598 S.W.2d 370, 374 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). A special issue may be rendered immaterial if the jury's answer to one or more other special issues makes the answer to the alleged immaterial issue void of legal significance. *Id.* at 374–75. Specifically, Steubner 19 contends that the defense of estoppel is unavailable to appellees because parties with "unclean hands," such as appellees who made fraudulent and negligent misrepresentations, may not rely on the equitable defense of estoppel.

Appellees counter that the doctrine of "unclean hands" is inapplicable in the instant suit because it is not an equitable proceeding. Appellees claim that the cases cited by Steubner 19 in support of its argument all involve equitable actions. *See, e.g., Hughes v. Aycock*, 598 S.W.2d 370 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) (suit to enforce partnership agreement). Furthermore, appellees cite *Furr v. Hall*, 553 S.W.2d 666 (Tex.Civ. App.—Amarillo 1977, writ ref'd n.r.e.) and *Ligon v. E.F. Hutton & Co.*, 428 S.W.2d 434 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.) for the proposition that the doctrine of "unclean hands" applies only in equitable proceedings and is unavailable as a defense to common law actions. We disagree with appellees' reasoning.

As the court stated in *Ligon*: " 'The maxim that he who comes into equity must come with clean hands is strictly an equitable doctrine, and does not apply in a suit that is not an equitable proceeding'." 428 S.W.2d at 437 (quoting 22 TEX.JUR. 2d

*Equity* § 46). In *Ligon*, appellee sued appellant for conversion. *Id.* at 435. Because conversion is a common law action, the court held inapplicable the defensive doctrine of "unclean hands." *Id.* at 437. In *Furr*, appellee sought declaratory and injunctive relief to prevent appellants, as independent executors, from selling shares of stock. 553 S.W.2d at 669. The court denied appellants' attempt to invoke the "unclean hands" doctrine to avoid the injunction, primarily by finding that the injunctive relief sought had a statutory foundation and was ancillary to the declaratory judgment action. *Id.* at 672–73. Thus, the court essentially held the doctrine inapplicable because the suit was not an equitable proceeding. No party in *Ligon* or *Furr* raised the equitable defense of estoppel. Although these cases hold that a party may not raise the "unclean hands" doctrine in a common law or statutory action, they are inapplicable to cases involving common law actions where a party has raised the defense of estoppel.

Appellees also contend that a finding of negligence does not necessarily preclude the negligent party from asserting the defense of estoppel. Rather, appellees argue that estoppel is unavailable to a negligent party only if that party negligently relied, to its detriment, on the conduct of the party to be estopped. Case law supports this argument. For example, in *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 838 (Tex.1968), the court noted that one requirement of estoppel is that the party asserting the defense was without knowledge, or the means of acquiring knowledge, of the facts allegedly misrepresented. Because the appellant in *Barfield* had the opportunity to discover the facts, the court held that appellant failed to establish all of the elements of estoppel. *Id.* at 839.

Similarly, in *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd.*, 548 S.W.2d 942 (Tex.Civ.App.—El Paso 1977, no writ), the court held that estoppel was inapplicable where the conduct of the party asserting estoppel contributed to the loss. In *El Paso Nat'l Bank*, the bank

sued a depositor to recover the amount overdrawn and the depositor raised the defense of estoppel. *Id.* at 943, 945. The bank claimed that the depositor could not assert estoppel because the depositor had unclean hands in that it negligently issued checks on an account containing insufficient funds. *Id.* at 948. The court agreed with the bank for two reasons. Because the jury had found the depositor negligent in issuing the checks, the court first applied the rule that estoppel is unavailable to a party guilty of contributory negligence and held that the jury findings of negligence barred the assertion of estoppel. *Id.* (citing *City of Tyler v. Bruck*, 267 S.W.2d 429 (Tex.Civ.App.—Texarkana 1954, writ ref'd n.r.e.); *Continental Credit Corp. v. Norman*, 303 S.W.2d 449 (Tex.Civ.App.—San Antonio 1957, writ ref'd n.r.e.); 31 C.J.S. *Estoppel* § 102 (1964)).

The court additionally noted that only innocent persons may invoke the doctrine of estoppel and that one asserting estoppel must come into court with clean hands. *Id.* at 949 (citing 31 C.J.S. *Estoppel* § 75 (1964)). The court offered the following quote by Chief Justice Calvert regarding the "clean hands" issue:

> I apprehend that "clean hands" is not an affirmative defense to a plea of estoppel; it is a necessary predicate for the plea, and if it is an issuable fact under the evidence, the burden of obtaining a favorable finding is on the party asserting an estoppel. It is thus but one of the cluster of issues essential to the defense of estoppel.

*Id.* (quoting *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 408 (Tex. 1965) (Calvert, C.J. dissenting on reh'g)). Although the depositor did not affirmatively establish it had "clean hands," the bank obtained jury findings establishing that the depositor had "unclean hands" in negligently issuing checks on an overdrawn account. For this additional reason, the court held estoppel inapplicable. *Id.*

The cases cited, however, concern applicability of the defense of equitable estoppel, and not quasi estoppel, which we have held was the defense raised, proven, and submitted to the jury under question 13. Steubner 19 has cited no case law holding that "clean hands" are required to assert the defense of quasi estoppel. As previously mentioned, quasi estoppel embraces the legal bars of ratification, election, acquiescence, and acceptance of benefits, and it precludes a party from asserting a position inconsistent with one previously taken or in which he acquiesced or accepted a benefit. *See* 31 C.J.S. *Estoppel* § 107 (1964); *Stimpson v. Plano Indep. School Dist.*, 743 S.W.2d 944, 946 (Tex.App.—Dallas 1987, no writ). Steubner 19 does, however, cite a number of cases involving quasi estoppel defenses that support appellees' position. We find one of these cases, *B & R Dev., Inc. v. Rogers*, 561 S.W.2d 639 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.), analogous to the instant case.

In *Rogers*, the appellee misrepresented the amount of acreage sold to the appellant. *See id.* at 642. The evidence showed, however, that appellant made additional payments on the purchase price and executed renewals and extensions of the note for the remaining balance after discovering the falsity of the representations. *Id.* The court acknowledged that appellee could raise any defense to show that "in equity and good conscience [appellant] is not entitled to recover." *Id.* at 643. Because appellee established that appellant executed new notes for the balance of the purchase price when it knew the true amount of acreage it was receiving, no misrepresentation occurred and appellant had no right to recover money voluntarily paid to appellee. *Id.* Even though appellant had obtained a jury finding that it did not intentionally waive its claim for damages by renegotiating the terms of payment, the court held that this finding was not determinative. *Id.* The court explained:

> The jury issue was based upon the traditional concept of waiver, defined as "the intentional relinquishment of a known right." But the issue of intent to waive is not material. Strictly and accurately speaking, it is not waiver which has barred [appellant's] cause of action. It is simply that fraud has been eliminated from the transaction. [Appellant] re-

ceived the bargain for which it contracted. There was no deception. If there was no deception, the basis of [appellant's] claim disappears.

*Id.* (citations omitted).

■ Turning to the case at bar, appellees assert that the jury questions asked the jury whether appellees either knowingly and/or negligently made material misrepresentations to Steubner 19 that the property was ready for development and whether Steubner 19 relied on these representations in deciding to purchase the property. Because the closing occurred months after Steubner 19 decided to purchase the property and after learning about the drainage problems, appellees contend that the jury findings of misrepresentations and reliance do not preclude application of estoppel. We agree. Although evidence supported the jury's findings that appellees initially represented that the property was ready for development and that Steubner 19 initially relied on these representations, evidence also shows that Steubner 19 subsequently learned about the drainage problems and negotiated a lower price for the property based on these problems. We find this analogous to the *Rogers* case. Because evidence shows that Steubner 19 discovered the truth and agreed to a price reduction based on the drainage problems, this eliminated any alleged fraud or negligence from the transaction. *See id.* at 643. The evidence shows that Steubner 19 received the bargain for which it contracted and that there was no misrepresentation at the time of closing. If there was no misrepresentation, the basis of Steubner 19's claims disappears. *See id.* Thus, the jury's finding of estoppel essentially barred Steubner 19's causes of action for fraudulent and negligent misrepresentation by eliminating the basis for these actions. Any determination whether appellees had "unclean hands" is therefore unnecessary. We overrule points six and seven.

■ In point of error eight, Steubner 19 claims the trial court erred in failing to disregard the jury's finding of estoppel because question 13 is an inferential rebuttal issue, prohibited under TEX.R.CIV.P. 277.

Appellees argue that Steubner 19 has waived this complaint because Steubner 19 failed to object to submission of question 13 on this ground. We agree. The record reflects that Steubner 19 objected to question 13 on the grounds that estoppel is not a defense to Steubner 19's claim and that it calls for a legal conclusion. By failing to object to submission of question 13 on the ground that it was an inferential rebuttal issue, Steubner 19 waived this complaint on appeal. *See Republic–Vanguard Life Ins. Co. v. Walters,* 728 S.W.2d 415, 420 (Tex. App.—Houston [1st Dist.] 1987, no writ). *See also* TEX.R.CIV.P. 274. We overrule point of error eight.

■ In point of error nine, Steubner 19 claims the trial court erred in failing to disregard the jury's answer to question 13 because it conflicts with the jury's finding of reliance under question 5. Where a party alleges conflicting jury answers, the threshold inquiry is whether the findings are about the same material fact. *Bender v. Southern Pac. Transp. Co.,* 600 S.W.2d 257, 260 (Tex.1980). If the findings are about the same material fact, an appellate court must attempt to reconcile any conflict in the findings. *Id.* Where the questions are amenable to more than one reasonable construction, we should adopt the construction that avoids a conflict. *Id.*

■ Jury question 5 asked the jury whether Steubner 19 justifiably relied upon appellees' representations that the property was ready for development in deciding to purchase the property. Question 13 asked the jury whether Steubner 19 was estopped from complaining of drainage hindrances on the property. Appellees claim that the findings are reconcilable because a determination that Steubner 19 relied on appellees' representation in deciding to purchase the property is not inconsistent with a finding that Steubner 19 became aware of the drainage hindrances before actually purchasing the tract. The record supports this construction of the two findings. The record shows that appellees claimed ignorance of any drainage problems in July 1982, when Steubner 19 and appellees began negotiations. At this time, Steubner

19 orally agreed to pay $2,627,000.00 and asked appellees to hold the property for ten days. The general partner of appellee, Cravens Road testified that upon subsequently learning of the drainage easement, he advised Steubner 19. Steubner 19 signed an earnest money contract in September 1982 and the sale closed in October 1982 at a reduced price. Aramburo, general partner of Steubner 19, testified by affidavit that the basis for the price reduction was the drainage easement hindering the development potential of the property. Because the jury's findings in response to questions 5 and 13 may be reconciled, we overrule point of error nine.

In point of error ten, Steubner 19 contends the trial court erred in refusing to enter judgment for Steubner 19. Under this point, Steubner 19 argues that it established its right to recover for both fraudulent and negligent misrepresentation and that the finding of estoppel is inapplicable for the reasons set forth in points of error one through nine. Because we have overruled points one through nine, we need not address point ten.

We affirm the judgment of the trial court.