No. 04-99-00781-CV



ANCO INSURANCE SERVICES OF HOUSTON, INC. d/b/a Wood/Menna & Company,


Appellant



v.



Ron ROMERO d/b/a Physicians, Surgeons and Hospitals Professional Services,


Appellee



From the 288th Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-04605


Honorable David Berchelmann, Jr., Judge Presiding



Opinion by: Phil Hardberger, Chief Justice

Dissenting opinion by: Sarah B. Duncan, Justice 


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice

 

Delivered and Filed: March 29, 2000


AFFIRMED


 This accelerated appeal poses the question of whether a corporation can invoke an arbitration
provision in a settlement agreement when the corporation's name was stricken from the agreement
by the corporation's agent during the course of the agreement's negotiation. Under the facts of this
case, we agree with the trial court that it cannot.

 ANCO Insurance Services of Houston, Inc. d/b/a Wood/Menna & Company ("ANCO")
challenges the trial court's order denying a motion to compel arbitration. In support of its broad
issue that the trial court abused its discretion in denying the motion to compel, ANCO argues: (1)
ANCO is a party to the arbitration agreement; (2) the appellee, Ron Romero d/b/a Physicians,
Surgeons and Hospitals Professional Services ("Romero"), is equitably estopped from asserting that
ANCO may not claim the benefits of arbitration; and (3) the claims asserted by Romero arise from,
touch upon, or are inextricably intertwined with the arbitration agreement, making them subject to
arbitration. In response to ANCO's arguments, Romero contends: (1) this appeal was rendered moot
by this court's decision in Menna v. Romero, No. 04-99-00475-CV (Tex. App.--San Antonio Jan.5,
2000, no pet. h.); and (2) ANCO was not a party to the arbitration agreement because it was
expressly excluded as a party during the contract negotiations. We affirm the trial court's order.

Factual and Procedural History


 Jay Menna was employed by Jay Menna Insurance Agency, Inc. until April 1998. Jay Menna
Insurance Agency, Inc. was doing business as Wood/Menna & Co. In April of 1998, the assets of
Jay Menna Insurance Agency, Inc. were sold to ANCO, and Jay Menna became an officer of ANCO.
In May of 1998, Jay Menna Insurance Agency, Inc. dissolved. Also in May of 1998, ANCO filed
an assumed name certificate to do business as Wood/Menna & Company. 

 Romero did business through his agency, Physicians, Surgeons and Hospitals Professional
Services, Inc. (PSH). Romero and Menna both market medical malpractice insurance to physicians,
surgeons, and hospitals. Romero and Menna agreed that Romero would solicit clients and submit
them to Menna, a broker, for application to a malpractice carrier for coverage. On June 29, 1998,
Romero sued Jay Menna and Jay Menna Insurance Agency, Inc. d/b/a USI Wood/Menna & Co. and
d/b/a Wood/Menna & Co. for tortious interference with contract, breach of contract, and libel and
slander. The lawsuit apparently arose out of a dispute relating to the parties' arrangement. After the
trial court issued a temporary restraining order against Menna and his agency and set a hearing for
a preliminary injunction, the parties began to negotiate a settlement agreement. The initial draft of
the settlement agreement included "ANCO Insurance" and "USI Insurance Services" as parties to
the agreement. The initial draft did not contain an arbitration provision. 

 On July 31, 1998, a copy of the settlement agreement was signed by Romero and Menna.
Menna signed in his individual capacity and on behalf of Wood/Menna & Company, Jay Menna
Insurance Agency, Inc. and John V. Menna. Although ANCO and USI had been removed as parties
from the introductory paragraph of the agreement, the agreement contained references to ANCO and
USI in the body of the agreement. In one reference, PSH/Romero released "USI Insurance Services,
Inc., USI Holdings Corporation, ANCO Corporation, ANCO Insurance Services of Houston, Inc.
(for itself and d/b/a The Anderson Company and/or d/b/a Wood/Menna & Company)." In another
reference, PSH/Romero agreed to refrain from asserting claims against "ANCO Corporation, ANCO
Insurance Services of Houston, Inc. (for itself and d/b/a The Anderson Company and/or d/b/a
Wood/Menna & Company), USI Insurance Services, Inc., USI Holdings Corporation, or their
respective parent, subsidiary, or affiliated companies." The final reference provided, "nor shall USI
Insurance Services, nor ANCO Insurance be restricted in any way from soliciting new business from
any actual or potential insured for any type of insurance product or service." These references were
crossed through and initialed. The agreement signed on July 31, 1998 contained an arbitration
provision.

 On August 6, 1998, another copy of the settlement agreement was signed by Romero and
Menna. Once again, Menna signed in his individual capacity and on behalf of Wood/Menna &
Company, Jay Menna Insurance Agency, Inc., and John V. Menna. The only difference between the
July 31, 1998 agreement and the August 6, 1998 agreement was that the typed references to ANCO
and USI were deleted.

 Menna was called to testify at the hearing on the motion to compel arbitration. Menna stated
that the agreement between Jay Menna Insurance Agency, Inc. and ANCO was signed on April 23,
1998, but it was effective March 1, 1998. Menna stated that when he signed the settlement
agreement with Romero he was a senior vice-president of ANCO, and he signed the agreement in
his capacity as an officer of ANCO. Menna confirmed that the only difference between the July 31,
1998 agreement and the August 6, 1998 agreement was that ANCO and USI were dropped from the
agreement. Menna testified that he did not recall why ANCO and USI were stricken. Menna did
not recall whether he told Romero that if those entities were not stricken, their lawyers would have
to look at the agreement and it would take longer to get the agreement made. Objections were raised
regarding the testimony of Menna relating to the July 31, 1998 agreement and the prior negotiations
on the basis of the merger doctrine and the parol evidence rule. Menna admitted that Jay Menna
Insurance Agency, Inc. did not exist when he signed the settlement agreement, but Menna stated he
signed on behalf of that entity because he thought it was appropriate.

 Romero was also called to testify at the hearing. Romero testified that ANCO and USI were
crossed out because Menna told him that those entities would need to be excluded or the attorneys
representing those entities would have to be involved. The objection regarding the merger doctrine
and parol evidence rule was reurged and overruled. Romero stated that he was not aware that the
Jay Menna Insurance Agency, Inc. had been dissolved or that someone else had assumed the name
Wood/Menna. Romero understood Wood/Menna to be Menna's insurance agency. Romero did not
know ANCO had filed an assumed name certificate, and Menna did not tell him. Menna did not tell
Romero that he signed the July or August settlement agreement as an officer or agent for ANCO.
Romero thought ANCO was the company that was going to be buying or purchasing Menna's
agency. In fact, Romero was told that the purchase was still in the process and the details had not
been worked out.

 Menna's attorney argued that ANCO was a party to the settlement agreement through its
assumed name Wood/Menna & Company. Menna's attorney further argued that even if ANCO was
a nonsignatory, Romero would be required to arbitrate the dispute based on equitable estoppel.
Romero's attorney argued that ANCO was not a party to the settlement agreement, and since Romero
dropped his breach of contract claim, no claim against ANCO was subject to arbitration. The trial
court denied the motion to compel arbitration, and ANCO timely brought this accelerated appeal
from that ruling.

Effect of Menna v. Romero


 In Menna v. Romero, No. 04-99-00475-CV, slip op. at 4 (Tex. App.--San Antonio, Jan.
5.,2000, no pet. h.), this court stated that to the extent Romero's claims concerned contacts Menna
made to clients listed in the settlement agreement for the time period specified, the claims fell within
the scope of the arbitration provision. We noted that although Menna served his demand for
arbitration on Romero and raised the issue in his initial response, Menna failed to bring the demand
to the trial court's attention at any time during a day-long temporary injunction hearing. See id., slip
op. at 6. We held that as a result of this failure, Menna waived his right to arbitration.

 Romero contends that this appeal is rendered moot by the decision in Menna v. Romero.
Romero asserts that as a result of the decision, the arbitration clause was waived by the only
defendant with privity to the contract, Menna, because ANCO was not a party to the settlement
agreement. ANCO responds that the decision in Menna v. Romero does not affect this appeal
because Romero never asserted that ANCO waived its right to arbitration.

 Romero originally filed the underlying lawsuit in March of 1999. The hearing on the
temporary injunction occurred in April of 1999. Romero did not amend his petition to add ANCO
as a party to the lawsuit until June of 1999. 

 Whether a party has waived its right to arbitrate presents a question of law which we review
de novo. See Menna v. Romero, No. 04-99-00475-CV, slip op. at 5; Nationwide of Bryan, Inc. v.
Dyer, 969 S.W.2d 518, 521 (Tex. App.--Austin 1998, no pet.). Any waiver of the right to arbitrate
must be intentional, and the party attempting to prove waiver bears a heavy burden. See EZ Pawn
Corp. v. Mancias, 934 S.W.2d 87, 89 (Tex. 1996).

 Romero never asserted that ANCO waived its right to arbitrate. If ANCO is a party to the
settlement agreement, it has an independent right to seek arbitration. Since the waiver of a right to
arbitrate must be intentional, ANCO could not intentionally waive its right to arbitrate based on the
inaction of Menna before ANCO was even made a party to the lawsuit.

Is ANCO a Party to the Settlement Agreement?


 ANCO argues that it is a party to the settlement agreement because Wood/Menna &
Company is a party to the agreement and, at the time the agreement was signed, Wood/Menna &
Company was an assumed name for ANCO. Romero argues that ANCO is not a party to the
settlement agreement as demonstrated through the prior drafts in which ANCO was removed as a
party. Although Menna testified that he could not recall the reason ANCO was removed, Romero
testified that ANCO was removed so that ANCO's attorney did not have to be involved in the
negotiation process. Menna never disclosed the sale between Jay Menna Insurance Agency, Inc. and
ANCO, and Romero was led to believe the sale had not been finalized.

 The first question we must resolve in addressing whether ANCO is a party to the settlement
agreement is the proper standard of review. By denying that ANCO is a party to the agreement,
Romero denied the existence of an agreement to arbitrate with ANCO. See Carlin v. 3V Inc., 928
S.W.2d 291, 294 (Tex. App.--Houston [14th Dist.] 1996, no writ); see also McAllister Bros., Inc.
v. A & S Transp. Co., 621 F.2d 519, 524 (2nd Cir. 1980) (whether a person is a party to an arbitration
agreement is included within the issue of whether an arbitration agreement exists); Interocean
Shipping Co. v. National Shipping & Trading Co., 462 F.2d 673, 677 (2nd Cir. 1972)(same). If a
party opposes an application to arbitrate by denying the existence of an agreement, the trial court
must summarily determine that issue. Tex. Civ. Prac. & Rem. Code Ann. § 171.021 (Vernon Supp.
1999).

 During oral argument, ANCO contended that the issue of whether it was a party to the
settlement agreement amounted to a claim of fraudulent inducement. Since the fraudulent
inducement claim was directed at the agreement as a whole, ANCO argued that the issue was
required to be submitted to arbitration under existing precedent, including this court's decision in
In re Weekley Homes, 985 S.W.2d 111, 114 (Tex. App.--San Antonio 1998, orig. proceeding). We
disagree with ANCO's assertion. Romero is not contending that he was fraudulently induced to
enter into the settlement agreement. Romero is claiming that ANCO is not a party to that agreement,
i.e., that he made no agreement with ANCO. Romero's claim that ANCO is not a party to the
settlement agreement amounts to the denial of the existence of an agreement with ANCO, and that
claim must be summarily resolved by the trial court under section 17.021 of the Texas Civil Practice
and Remedies Code.

 A party seeking to compel arbitration must establish the existence of an arbitration
agreement. In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999). Most courts
have held that whether the parties have agreed to arbitrate is a question of fact to be summarily
determined by the trial court. See Ikon Office Solutions, Inc. v. Eifert, 2 S.W.3d 688, 693-94 (Tex.
App.--Houston [14th Dist.] 1999, no pet.); Belmont Constructors, Inc. v. Lyondell Petrochemical
Co., 896 S.W.2d 352, 356 (Tex. App.--Houston [1st Dist.] 1995, orig. proceeding). In reviewing
factual questions concerning an order denying arbitration, those courts use a "no evidence" standard
and look only at the evidence tending to support the finding under attack, disregarding the evidence
to the contrary. See Fridl v. Cook, 908 S.W.2d 507 (Tex. App.--El Paso 1995, writ dism'd w.o.j.);
Belmont Constructors, Inc., 896 S.W.2d at 356.

 This court, however, has held that the proper standard for reviewing a trial court's
determination regarding the existence of an arbitration agreement is abuse of discretion. See Hardin
Const. Group, Inc. v. Strictly Painting, Inc., 945 S.W.2d 308, 312 (Tex. App.--San Antonio 1997,
orig. proceeding). In adopting this standard, this court stated, "the factual component of the abuse
of discretion standard, which is similar to the clearly erroneous standard applied by the federal
courts, appears to be a more appropriate standard for reviewing [a trial court's findings as to the
existence of an arbitration agreement] than a 'no evidence' standard." Id. Under this standard, the
trial court's finding must be upheld unless it is determined that the trial court could reasonably have
reached only one decision. See id.

 ANCO's argument that it is a party to the settlement agreement hinges on its contention that
the reference to "Wood/Menna & Company" in the agreement necessarily referred to ANCO because
ANCO had an assumed name certificate for that name on file with the Secretary of State when the
settlement agreement was executed. ANCO's argument ignores that when the lawsuit was filed that
gave rise to the settlement agreement, Wood/Menna & Co. was an assumed name for Jay Menna
Insurance Agency, Inc. The fact that Jay Menna Insurance Agency, Inc. dissolved did not affect its
continued existence for purposes of that pending lawsuit. See Tex. Bus. Corp. Act art. 7.12
(Vernon Supp. 1999). A dissolved corporation continues its corporate existence for a period of three
years from the date of dissolution for purposes of defending lawsuits against it and settling any
affairs not completed before the dissolution. See id.

 By striking ANCO as a party to the settlement agreement, the parties clarified that the
reference in the settlement agreement to Wood/Menna & Company was a reference to the continued
corporate existence of Jay Menna Insurance Agency, Inc. d/b/a Wood/Menna & Co. Because Jay
Menna Insurance Agency, Inc. continued to exist following its dissolution, and because the
settlement agreement arises out of the lawsuit in which Jay Menna Insurance Agency, Inc. was sued
in both its corporate name and its assumed name, the facts support the trial court's implied finding
that the reference to Wood/Menna & Company in the agreement was a reference to the assumed
name used by Jay Menna Insurance Agency, Inc., not a reference to ANCO. The trial court did not
abuse its discretion in finding that Romero never agreed to arbitrate with ANCO.

Equitable Estoppel


 ANCO contends that even if it was not expressly made a party to the agreement, arbitration
of Romero's claims against it was still proper because the allegations against ANCO are so
fundamentally grounded in obligations arising from the settlement agreement that Romero is
equitably estopped to deny the applicability of the arbitration clause. ANCO asserts that Romero's
claims against it are the same claims brought against Menna and are inherently inseparable. Romero
counters that a party who has not entered into an agreement to arbitrate cannot be compelled to
arbitrate.

 In support of its equitable estoppel argument, ANCO relies on a line of cases holding that
nonparties or nonsignatories to an arbitration agreement can be bound to arbitrate under certain
circumstances. Those circumstances exist if the nature of the underlying claims asserted by the party
resisting arbitration require the party to rely on the terms of the written agreement containing the
arbitration provision. See, e.g., Valero Energy Corp. v. Teco Pipeline Co., 2 S.W.3d 576, 591-93
(Tex. App.--Houston [14th Dist.] 1999, no pet. h.); Carlin v. 3V Inc., 928 S.W.2d 291, 296 (Tex.
App.--Houston [14th Dist.] 1996, no writ); Merrill Lynch, Pierce, Fenner & Smith v. Eddings, 838
S.W.2d 874, 878-79 (Tex. App.--Waco 1992, writ denied). In other words, the party resisting
arbitration would have no claims had the agreement containing the arbitration provision not been
signed. 

 When Romero dropped its breach of contract claim against ANCO, the remaining claims
against ANCO did not relate to the policies that were the subject of the settlement agreement. The
remaining claims related to ANCO's actions with regard to the solicitation of renewals or new
policies that were not the subject of the settlement agreement. In addition, the doctrine of "unclean
hands" requires that one who comes seeking equity must come with clean hands. See Steubner
Realty 109, Ltd. v. Cravens Road 88, Ltd., 817 S.W.2d 160, 165 (Tex. App.--Houston [14th Dist.]
1991, no writ); 1st Coppell Bank v. Smith, 742 S.W.2d 454, 464 (Tex. App.--Dallas 1987, no writ).
Menna and ANCO had "unclean hands" in negotiating the settlement agreement. Menna,
individually and as an officer of ANCO, actively misrepresented the status of the transaction between
ANCO and Menna. ANCO came to court with "unclean hands" and is not entitled to rely on
equitable estoppel to enforce the arbitration provision contained in the settlement agreement.

Conclusion


 The trial court did not abuse its discretion in determining that ANCO was not a party to the
settlement agreement. Romero and ANCO had no agreement to arbitrate. ANCO came to the trial
court seeking to enforce the settlement agreement with "unclean hands" and is not entitled to rely
on the doctrine of equitable estoppel to force Romero into arbitration. The trial court's order is
affirmed.

 PHIL HARDBERGER, 

 CHIEF JUSTICE


PUBLISH