Affirmed and Memorandum Opinion filed December 20, 2007








Affirmed and Memorandum Opinion filed December 20, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00016-CV

_______________

 

LINDA DOUGLAS, Appellant

 

V.

 

 

MOODY GARDENS, INC. AND TRANSCONTINENTAL INSURANCE
COMPANY, Appellees

                                                                                                                                 
              

On Appeal from the County Court No. 3

Galveston County, Texas

Trial Court Cause No. 49,822

                                                                                                                                         
      

 

M E M O R A N D U M  O P I N I O N








Linda
Douglas appeals a summary judgment in favor of her employer, appellee, Moody
Gardens, Inc. (AMoody@).  In its motion for summary judgment, Moody contended
Douglas=s personal injury suit is barred by
the exclusivity provision of the Texas Workers= Compensation Act (Athe act@) because she was injured in the
course and scope of her employment.  In her sole issue, Douglas argues that the
trial court erred by granting summary judgment because Moody is estopped from
asserting that Douglas was injured in the course and scope of her employment. 
All dispositive issues are settled in law.  Accordingly, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4. 

I.  Background

According
to the undisputed summary-judgment evidence, on April 27, 2001, Douglas was
employed at a hotel owned by Moody.  During her lunch break, she sat on a curb
in the loading dock area of the hotel while smoking a cigarette.  A fellow
employee inadvertently engaged the accelerator of a utility cart, causing it to
roll over Douglas=s leg.  Douglas sustained injuries requiring medical
treatment.

During
relevant times, Moody was a workers= compensation subscriber.  However,
Douglas did not timely file a workers= compensation claim.  Instead, she
filed this negligence suit against Moody.  Nevertheless, the issue of whether
Douglas sustained a compensable injury became the subject of a workers= compensation proceeding.[1] 
The trial court abated this suit because the Texas Workers= Compensation Commission (Athe Commission@) had not issued its final
determination.  A Commission hearing officer decided Douglas was injured in the
course and scope of her employment, but she was not entitled to workers= compensation benefits because she
failed to timely file a claim.  A Commission appeals panel affirmed this
decision.[2] 
Subsequently, the trial court reinstated this suit.








Moody
filed a traditional motion for summary judgment, contending that this suit is
barred by the exclusivity provision of the act because Douglas was injured in
the course and scope of her employment.  See Tex. Lab. Code Ann. ' 408.001(a) (Vernon 2006) (providing,
recovery of workers= compensation benefits is the exclusive remedy for work‑related
injury of employee covered by workers= compensation insurance); see also
Tex. Lab. Code Ann. ' 406.034 (Vernon 2006) (providing, subject to certain
exceptions, an employee of workers= compensation subscriber waives
common-law right to recover damages for  injuries sustained in course and scope
of employment).[3]  The trial
court signed an interlocutory order, followed by a final order, granting Moody=s motion and ruling that Douglas take
nothing.

Additionally,
in Douglas=s live petition filed after the Commission=s final determination, she also sued
Transcontinental Insurance Company, Moody=s workers= compensation carrier.  Douglas named
Transcontinental in order to challenge in this suit the decision rendered by
the Commission appeals panel, to which Transcontinental was an interested
party.  The trial court also granted summary judgment in favor of
Transcontinental.

II.   Summary Judgment in Favor of Transcontinental








Preliminarily,
in her notice of appeal, Douglas asserted that she is appealing the summary
judgments in favor of both Transcontinental and Moody.  However, in her brief,
Douglas does not assign error to, or present any argument challenging, the
summary judgment in favor of Transcontinental.  Therefore, Douglas has waived
any challenge to this summary judgment.  See Tex. R. App. P. 38.1(e),
(h) (requiring, inter alia, that brief state issues presented for review and
contain argument); Keough v. Cyrus USA, Inc., 204 S.W.3d 1, 5 (Tex. App.CHouston [14th Dist.] 2006, pet.
denied) (recognizing appellant waives error by failing to brief it on appeal). 
Accordingly, we affirm the summary judgment in favor of Transcontinental.  We
will address only the summary judgment in favor of Moody.

III.  Summary Judgment in Favor of Moody

In her
summary-judgment response and on appeal, Douglas does not challenge Moody=s contention that she was injured in
the course and scope of her employment.  Rather, Douglas argues Moody is
estopped from advancing this contention because, shortly after her injury,
Moody posited she was not injured in the course and scope of her
employment and did not change its position until she was time barred from
filing a workers= compensation  claim.  Accordingly, Moody was required to
raise a genuine issue of material fact on her estoppel theory.  See
Lundstrom v. United Servs. Auto. Ass=n.‑CIC, 192 S.W.3d 78, 84 (Tex. App.CHouston [14th Dist.] 2006, pet.
denied) (recognizing, if movant establishes its right to summary judgment,
burden shifts to nonmovant to raise a genuine material fact issue sufficient to
defeat summary judgment).[4]   

We
review the summary judgment de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  We take all evidence favorable to Douglas as
true and indulge every reasonable inference and resolve any doubts in her
favor.  See id.








To
support her estoppel theory, Douglas presented a form TWCC-21 (used by a
carrier to accept or reject workers= compensation benefits), a letter
from Douglas=s attorney to Moody, and Douglas=s affidavit.  The form TWCC-21, dated
May 1, 2001, includes a section entitled ANOTICE OF REFUSED OR DISPUTED CLAIM,@ which was completed as follows: ACarrier disputes liability, our
investigation determined: 1) No injury in course and scope of her employment. 
2) Employee was on lunch break and the injury occurred on a deviation.@  (emphasis added).  In the letter
sent by Douglas=s attorney to Moody in June 2001, he sought to resolve her
potential claim against Moody.  The attorney stated, A[Douglas] was advised by the initial
health care provider that your firm or insurer had taken the position
that she was not injured on the job, and was ineligible for workers
compensation benefits.@  (emphasis added).  The form and letter do not necessarily
indicate that Moody, as opposed to its carrier, posited Douglas did not sustain
a compensable injury.[5] 

Nevertheless,
Douglas=s affidavit is some evidence that
Moody asserted this position shortly after her injury.   Douglas averred, ADuring the course of my treatment I
was advised that my employer, [Moody], disputed my entitlement to be treated
under Workers Compensation, and I would be required to make alternative
arrangements for payment for my medical treatment.@  However, this evidence is
insufficient to raise a genuine issue of material fact on her estoppel theory. 
Douglas raises both equitable estoppel and quasi-estoppel.  These theories are
distinct and have different elements of proof.[6]

Equitable
estoppel may be asserted to bar a defendant from raising a particular defense. 
Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 156 n.1 (Tex.
2004).  To establish equitable estoppel, a party must prove (1) a false
representation or concealment of material facts, (2) made with knowledge,
actual or constructive, of those facts, (3) with the intention that the
representation should be acted on, (4) to a party without knowledge, or the
means of knowledge of those facts, (5) who detrimentally relied upon the
misrepresentation. Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483,
489 (Tex. 1991) (citing Gulbenkian v. Penn, 151 Tex. 412, 418, 252
S.W.2d 929, 932 (1952)).








Douglas
did not present any evidence raising a genuine issue of material fact on, at
least, the fourth element of her equitable estoppel claim.  In fact, the
summary-judgment evidence negates the fourth element.  Douglas was required to
file a workers= compensation claim within one year after the date of her injury.  See
Tex. Lab. Code Ann. ' 409.003(1) (Vernon 2006).  The
evidence reflects that Douglas had retained an attorney by, at most, two months
after her injury.  Therefore, she had an attorney to advise that her injury may
have occurred in the course and scope of her employment and thus she needed to
pursue a workers= compensation claim.  Accordingly, Douglas was not Awithout knowledge, or means of
knowledge@ that she may have been injured in the course and scope of her
employment, despite any contrary representation by Moody.

Under
the quasi-estoppel principle, a party is precluded from asserting, to another=s disadvantage, a right inconsistent
with a position previously taken by the party.  Lopez v. Munoz, Hockema
& Reed, L.L.P., 22 S.W.3d 857, 864 (Tex. 2000); Steubner Realty 19,
Ltd. v. Cravens Road 88, Ltd., 817 S.W.2d 160, 164 (Tex. App.CHouston [14th Dist.] 1991, no writ). 
The doctrine applies where it would be unconscionable to allow a party to
maintain a position inconsistent with one in which it acquiesced, or of which
it accepted a benefit.  Lopez, 22 S.W.3d at 864; Steubner Realty 19,
Ltd., 817 S.W.2d at 164.

In her
summary-judgment response and on appeal, Douglas does not specifically use the
term Aunconscionable.@  However, Douglas suggests she was
precluded from filing a workers= compensation claim based on Moody=s initial position that she was not
injured in the course and scope of her employment; therefore, she will receive
no form of recovery if Moody is allowed to now reverse its position. This
reasoning is insufficient to raise a material fact issue on whether it would be
unconscionable for Moody to rely on the exclusivity provision of the act as a
bar to this suit, despite its earlier inconsistent position.








We
recognize that, unlike equitable estoppel, quasi-estoppel requires no showing
of misrepresentation or detrimental reliance.  Steubner Realty 19, Ltd.,
817 S.W.2d at 164.  However, in this case, the particular
quasi-estoppel/unconscionability reasoning offered by Douglas necessarily
requires a reliance component due to her suggestion she was precluded from
filing a workers= compensation claim based on Moody=s earlier position.  Therefore, we
employ a similar analysis for her equitable estoppel and quasi-estoppel
theories.  

As we
have explained, Douglas had her own attorney to advise regarding her rights and
responsibilities under the act, including the need to timely file a workers= compensation claim.  If she had
filed a claim, she may have been compensated for her injury.  Alternatively, if
the workers= compensation process had ultimately yielded a determination that her
injury was not compensable, she could have filed a negligence suit without
being subject to the exclusivity provision of the act.  Consequently, Douglas
is not denied recovery for her injury based on Moody=s inconsistent positions.  Rather,
she is denied recovery because she elected not to timely pursue a
workers= compensation claim.  Therefore, it
is not unconscionable for Moody to rely on the exclusivity provision of the act
as a defense to this suit.

In sum,
Douglas failed to raise a genuine issue of material fact on her equitable
estoppel or quasi-estoppel theories.  Accordingly, we overrule her sole issue
and affirm the summary judgment in favor of Moody.

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed
December 20, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.









[1]  Apparently, Moody filed the required employer=s notice of injury, and its workers= compensation carrier disputed that the injury was
compensable.  Although Douglas did not timely file a workers= compensation claim, she requested an administrative
decision on whether her injury was compensable.  During the proceeding, she
apparently urged the somewhat unusual position that her injury was not
compensable, hoping to prevent a subsequent bar to this negligence suit against
Moody.





[2]  Moody did not attach the decisions of the hearing
officer or appeals panel to its motion for summary judgment, but these
decisions were attached to the carrier=s
motion for summary judgment. and referenced in Moody=s motion.  Further, the history of the workers= compensation proceeding in this case is undisputed
because, in her live petition, Douglas recited the pertinent facts. 





[3]  Moody cited the Apersonal
convenience and comfort doctrine@ to
support its contention that Douglas was injured in the course and scope of her
employment although the incident occurred during her lunch break.  See generally
Yeldell v. Holiday Hills Ret. & Nursing Ctr., 701 S.W.2d 243, 245 (Tex.
1985) (AYemployee in the course of his employment may perform
acts of a personal nature that a person might reasonably do for his health and
comfort, such as quenching thirst or relieving hunger; such acts are considered
incidental to the employee=s service and
the injuries sustained while doing so arise in the course and scope of his
employment . . .@).  





[4]  Although, on appeal, Douglas briefly implies she was
not injured in the course and scope of her employment, she does not appeal the
summary judgment on this basis.





[5]  In her summary-judgment response, Douglas argues the
carrier was acting as Moody=s agent and its
representations are attributable to Moody.  We need not decide whether the form
TWCC-21 and letter constitute evidence that Moody posited Douglas was
not injured in the course and scope of her employment because her affidavit
provides some evidence Moody asserted this position.





[6]  In her summary-judgment response and on appeal,
Douglas generally cites the purpose of these theories.  But, she does not cite
the elements of either theory, much less argue she raised a material fact issue
on each element.  Nonetheless, we conclude she failed to raise a material fact
issue on either theory.