# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-20883

WESTERN SECURITIES CORPORATION

Plaintiff-Appellee

v.

ETERNAL TECHNOLOGIES GROUP, INC.

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2504

Before BENAVIDES, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Eternal Technologies Group, Inc. ("Eternal") appeals the district court's judgment, following a bench trial, in favor of Plaintiff-Appellee Western Securities Corp. ("Western") in this suit on a promissory note. After reviewing the record in this case and considering the briefs of the parties and arguments of counsel, we affirm the district court's judgment.

Eternal raises the following five arguments on appeal: 1) the district court erred in allowing Western to employ the "equitable defense" of ratification as the plaintiff; 2) the district court erred in applying the doctrines of de facto

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corporation and corporation by estoppel to a limited liability company ("LLC") under Florida law; 3) the district court's factual findings were clearly erroneous; 4) the district court erred in concluding that any defects in the note were ratified because the original payee had unclean hands; and 5) as a matter of law, there was no evidence that Eternal had full knowledge of the material facts.

We affirm for the following reasons: 1) Texas courts regularly allow plaintiffs to invoke the doctrine of ratification in contract actions, see, e.g., Stable Energy, L.P. v. Newberry, 999 S.W.2d 538, 547 (Tex. App.—Austin 1999, pet. denied); 2) Florida law permits the application of de facto corporation and corporation by estoppel to LLCs, see Ruggio v. Vining, 755 So. 2d 792, 795 (Fla. Dist. Ct. App. 2000) (holding that "traditional defenses" apply to LLCs despite statutory silence); 3) the district court's factual findings were not clearly erroneous; 4) the district court did not find that the original payee had unclean hands, and, in any case, the district court's finding of ratification eliminated the element of fraud underlying Eternal's assertion of unclean hands, see Steubner Realty 19, Ltd. v. Cravens Rd. 88, Ltd., 817 S.W.2d 160, 165 (Tex. App.—Houston [14th Dist.] 1991, no writ); and 5) there is sufficient evidence in the record to support the conclusion that Eternal had full knowledge of the material facts.

AFFIRMED.