ANCO INSURANCE SERVICES OF
HOUSTON, INC. d/b/a Wood/Menna
& Company, Appellant,

v.

Ron ROMERO d/b/a Physicians, Sur-
geons and Hospitals Profession-
al Services, Appellee.

No. 04–99–00781–CV.

Court of Appeals of Texas,
San Antonio.

March 29, 2000.

Rehearing Overruled April 25, 2000.

Vincent L. Marable, III, Law Firm of Paul Webb, P.C., Wharton, Joe House, House & House, P.C., Paul K. Nesbitt, Kelly, Sutter, Mount & Kendrick, Houston, for appellant.

Thomas E. Quirk, Law Office of Aaron & Quirk, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

This accelerated appeal poses the question of whether a corporation can invoke an arbitration provision in a settlement agreement when the corporation's name was stricken from the agreement by the corporation's agent during the course of the agreement's negotiation. Under the facts of this case, we agree with the trial court that it cannot.

ANCO Insurance Services of Houston, Inc. d/b/a Wood/Menna & Company ("ANCO") challenges the trial court's order denying a motion to compel arbitration. In support of its broad issue that the trial court abused its discretion in denying the motion to compel, ANCO argues: (1) ANCO is a party to the arbitration agreement; (2) the appellee, Ron Romero d/b/a Physicians, Surgeons and Hospitals Professional Services ("Romero"), is equitably estopped from asserting that ANCO may not claim the benefits of arbitration; and (3) the claims asserted by Romero arise from, touch upon, or are inextricably intertwined with the arbitration agreement, making them subject to arbitration. In response to ANCO's arguments, Romero contends: (1) this appeal was rendered moot by this court's decision in *Menna v. Romero*, No. 04–99–00475–CV, —— S.W.3d

——, 2000 WL 5003 (Tex.App.—San Antonio Jan. 5, 2000, no pet. h.); and (2) ANCO was not a party to the arbitration agreement because it was expressly excluded as a party during the contract negotiations. We affirm the trial court's order.

### FACTUAL AND PROCEDURAL HISTORY

Jay Menna was employed by Jay Menna Insurance Agency, Inc. until April 1998. Jay Menna Insurance Agency, Inc. was doing business as Wood/Menna & Co. In April of 1998, the assets of Jay Menna Insurance Agency, Inc. were sold to ANCO, and Jay Menna became an officer of ANCO. In May of 1998, Jay Menna Insurance Agency, Inc. dissolved. Also in May of 1998, ANCO filed an assumed name certificate to do business as Wood/Menna & Company.

Romero did business through his agency, Physicians, Surgeons and Hospitals Professional Services, Inc. (PSH). Romero and Menna both market medical malpractice insurance to physicians, surgeons, and hospitals. Romero and Menna agreed that Romero would solicit clients and submit them to Menna, a broker, for application to a malpractice carrier for coverage. On June 29, 1998, Romero sued Jay Menna and Jay Menna Insurance Agency, Inc. d/b/a USI Wood/Menna & Co. and d/b/a Wood/Menna & Co. for tortious interference with contract, breach of contract, and libel and slander. The lawsuit apparently arose out of a dispute relating to the parties' arrangement. After the trial court issued a temporary restraining order against Menna and his agency and set a hearing for a preliminary injunction, the parties began to negotiate a settlement agreement. The initial draft of the settlement agreement included "ANCO Insurance" and "USI Insurance Services" as parties to the agreement. The initial draft did not contain an arbitration provision.

On July 31, 1998, a copy of the settlement agreement was signed by Romero and Menna. Menna signed in his individual capacity and on behalf of Wood/Menna

& Company, Jay Menna Insurance Agency, Inc. and John V. Menna. Although ANCO and USI had been removed as parties from the introductory paragraph of the agreement, the agreement contained references to ANCO and USI in the body of the agreement. In one reference, PSH/Romero released "USI Insurance Services, Inc., USI Holdings Corporation, ANCO Corporation, ANCO Insurance Services of Houston, Inc. (for itself and d/b/a The Anderson Company and/or d/b/a Wood/Menna & Company)." In another reference, PSH/Romero agreed to refrain from asserting claims against "ANCO Corporation, ANCO Insurance Services of Houston, Inc. (for itself and d/b/a The Anderson Company and/or d/b/a Wood/Menna & Company), USI Insurance Services, Inc., USI Holdings Corporation, or their respective parent, subsidiary, or affiliated companies." The final reference provided, "nor shall USI Insurance Services, nor ANCO Insurance be restricted in any way from soliciting new business from any actual or potential insured for any type of insurance product or service." These references were crossed through and initialed. The agreement signed on July 31, 1998 contained an arbitration provision.

On August 6, 1998, another copy of the settlement agreement was signed by Romero and Menna. Once again, Menna signed in his individual capacity and on behalf of Wood/Menna & Company, Jay Menna Insurance Agency, Inc., and John V. Menna. The only difference between the July 31, 1998 agreement and the August 6, 1998 agreement was that the typed references to ANCO and USI were deleted.

Menna was called to testify at the hearing on the motion to compel arbitration. Menna stated that the agreement between Jay Menna Insurance Agency, Inc. and ANCO was signed on April 23, 1998, but it was effective March 1, 1998. Menna stated that when he signed the settlement agreement with Romero he was a senior vice-president of ANCO, and he signed the agreement in his capacity as an officer of ANCO. Menna confirmed that the only difference between the July 31, 1998 agreement and the August 6, 1998 agreement was that ANCO and USI were dropped from the agreement. Menna testified that he did not recall why ANCO and USI were stricken. Menna did not recall whether he told Romero that if those entities were not stricken, their lawyers would have to look at the agreement and it would take longer to get the agreement made. Objections were raised regarding the testimony of Menna relating to the July 31, 1998 agreement and the prior negotiations on the basis of the merger doctrine and the parol evidence rule. Menna admitted that Jay Menna Insurance Agency, Inc. did not exist when he signed the settlement agreement, but Menna stated he signed on behalf of that entity because he thought it was appropriate.

Romero was also called to testify at the hearing. Romero testified that ANCO and USI were crossed out because Menna told him that those entities would need to be excluded or the attorneys representing those entities would have to be involved. The objection regarding the merger doctrine and parol evidence rule was reurged and overruled. Romero stated that he was not aware that the Jay Menna Insurance Agency, Inc. had been dissolved or that someone else had assumed the name Wood/Menna. Romero understood Wood/Menna to be Menna's insurance agency. Romero did not know ANCO had filed an assumed name certificate, and Menna did not tell him. Menna did not tell Romero that he signed the July or August settlement agreement as an officer or agent for ANCO. Romero thought ANCO was the company that was going to be buying or purchasing Menna's agency. In fact, Romero was told that the purchase was still in the process and the details had not been worked out.

Menna's attorney argued that ANCO was a party to the settlement agreement

through its assumed name Wood/Menna & Company. Menna's attorney further argued that even if ANCO was a nonsignatory, Romero would be required to arbitrate the dispute based on equitable estoppel. Romero's attorney argued that ANCO was not a party to the settlement agreement, and since Romero dropped his breach of contract claim, no claim against ANCO was subject to arbitration. The trial court denied the motion to compel arbitration, and ANCO timely brought this accelerated appeal from that ruling.

### Effect of *Menna v. Romero*

In *Menna v. Romero*, No. 04–99–00475–CV, slip op. at 4, —— S.W.3d ——, ——, 2000 WL 5003 (Tex.App.—San Antonio, Jan. 5, 2000, no pet. h.), this court stated that to the extent Romero's claims concerned contacts Menna made to clients listed in the settlement agreement for the time period specified, the claims fell within the scope of the arbitration provision. We noted that although Menna served his demand for arbitration on Romero and raised the issue in his initial response, Menna failed to bring the demand to the trial court's attention at any time during a day-long temporary injunction hearing. *See id.*, slip op. at 6, at ——. We held that as a result of this failure, Menna waived his right to arbitration.

Romero contends that this appeal is rendered moot by the decision in *Menna v. Romero*. Romero asserts that as a result of the decision, the arbitration clause was waived by the only defendant with privity to the contract, Menna, because ANCO was not a party to the settlement agreement. ANCO responds that the decision in *Menna v. Romero* does not affect this appeal because Romero never asserted that ANCO waived its right to arbitration.

Romero originally filed the underlying lawsuit in March of 1999. The hearing on the temporary injunction occurred in April of 1999. Romero did not amend his petition to add ANCO as a party to the lawsuit until June of 1999.

Whether a party has waived its right to arbitrate presents a question of law which we review de novo. *See Menna v. Romero*, No. 04–99–00475–CV, slip op. at 5, at ——; *Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 521 (Tex.App.—Austin 1998, no pet.). Any waiver of the right to arbitrate must be intentional, and the party attempting to prove waiver bears a heavy burden. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex.1996).

Romero never asserted that ANCO waived its right to arbitrate. If ANCO is a party to the settlement agreement, it has an independent right to seek arbitration. Since the waiver of a right to arbitrate must be intentional, ANCO could not intentionally waive its right to arbitrate based on the inaction of Menna before ANCO was even made a party to the lawsuit.

### Is ANCO a Party to the Settlement Agreement?

ANCO argues that it is a party to the settlement agreement because Wood/Menna & Company is a party to the agreement and, at the time the agreement was signed, Wood/Menna & Company was an assumed name for ANCO. Romero argues that ANCO is not a party to the settlement agreement as demonstrated through the prior drafts in which ANCO was removed as a party. Although Menna testified that he could not recall the reason ANCO was removed, Romero testified that ANCO was removed so that ANCO's attorney did not have to be involved in the negotiation process. Menna never disclosed the sale between Jay Menna Insurance Agency, Inc. and ANCO, and Romero was led to believe the sale had not been finalized.

The first question we must resolve in addressing whether ANCO is a party to the settlement agreement is the proper standard of review. By denying that ANCO is a party to the agreement, Romero denied the existence of an agreement to

arbitrate with ANCO. *See Carlin v. 3V Inc.*, 928 S.W.2d 291, 294 (Tex.App.—Houston [14th Dist.] 1996, no writ); *see also McAllister Bros., Inc. v. A & S Transp. Co.*, 621 F.2d 519, 524 (2nd Cir. 1980) (whether a person is a party to an arbitration agreement is included within the issue of whether an arbitration agreement exists); *Interocean Shipping Co. v. National Shipping & Trading Corp.*, 462 F.2d 673, 677 (2nd Cir.1972)(same). If a party opposes an application to arbitrate by denying the existence of an agreement, the trial court must summarily determine that issue. Tex. Civ. Prac. & Rem.Code Ann. § 171.021 (Vernon Supp.1999).

During oral argument, ANCO contended that the issue of whether it was a party to the settlement agreement amounted to a claim of fraudulent inducement. Since the fraudulent inducement claim was directed at the agreement as a whole, ANCO argued that the issue was required to be submitted to arbitration under existing precedent, including this court's decision in *In re Weekley Homes*, 985 S.W.2d 111, 114 (Tex.App.—San Antonio 1998, orig. proceeding). We disagree with ANCO's assertion. Romero is not contending that he was fraudulently induced to enter into the settlement agreement. Romero is claiming that ANCO is not a party to that agreement, i.e., that he made no agreement with ANCO. Romero's claim that ANCO is not a party to the settlement agreement amounts to the denial of the existence of an agreement with ANCO, and that claim must be summarily resolved by the trial court under section 17.021 of the Texas Civil Practice and Remedies Code.

■ A party seeking to compel arbitration must establish the existence of an arbitration agreement. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex.1999). Most courts have held that whether the parties have agreed to arbitrate is a question of fact to be summarily determined by the trial court. *See Ikon Office Solutions, Inc. v. Eifert*, 2 S.W.3d 688, 693–94 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Belmont Constructors, Inc. v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 356 (Tex.App.—Houston [1st Dist.] 1995, orig. proceeding). In reviewing factual questions concerning an order denying arbitration, those courts use a "no evidence" standard and look only at the evidence tending to support the finding under attack, disregarding the evidence to the contrary. *See Fridl v. Cook*, 908 S.W.2d 507 (Tex.App.—El Paso 1995, writ dism'd w.o.j.); *Belmont Constructors, Inc.*, 896 S.W.2d at 356.

This court, however, has held that the proper standard for reviewing a trial court's determination regarding the existence of an arbitration agreement is abuse of discretion. *See Hardin Const. Group, Inc. v. Strictly Painting, Inc.*, 945 S.W.2d 308, 312 (Tex.App.—San Antonio 1997, orig. proceeding). In adopting this standard, this court stated, "the factual component of the abuse of discretion standard, which is similar to the clearly erroneous standard applied by the federal courts, appears to be a more appropriate standard for reviewing [a trial court's findings as to the existence of an arbitration agreement] than a 'no evidence' standard." *Id.* Under this standard, the trial court's finding must be upheld unless it is determined that the trial court could reasonably have reached only one decision. *See id.*

ANCO's argument that it is a party to the settlement agreement hinges on its contention that the reference to "Wood/Menna & Company" in the agreement necessarily referred to ANCO because ANCO had an assumed name certificate for that name on file with the Secretary of State when the settlement agreement was executed. ANCO's argument ignores that when the lawsuit was filed that gave rise to the settlement agreement, Wood/Menna & Co. was an assumed name for Jay Menna Insurance Agency, Inc. The fact that Jay Menna Insurance Agency, Inc. dissolved did not affect its continued existence for purposes

of that pending lawsuit. *See* Tex. Bus. Corp. Act art. 7.12 (Vernon Supp.1999). A dissolved corporation continues its corporate existence for a period of three years from the date of dissolution for purposes of defending lawsuits against it and settling any affairs not completed before the dissolution. *See id.*

By striking ANCO as a party to the settlement agreement, the parties clarified that the reference in the settlement agreement to Wood/Menna & Company was a reference to the continued corporate existence of Jay Menna Insurance Agency, Inc. d/b/a Wood/Menna & Co. Because Jay Menna Insurance Agency, Inc. continued to exist following its dissolution, and because the settlement agreement arises out of the lawsuit in which Jay Menna Insurance Agency, Inc. was sued in both its corporate name and its assumed name, the facts support the trial court's implied finding that the reference to Wood/Menna & Company in the agreement was a reference to the assumed name used by Jay Menna Insurance Agency, Inc., not a reference to ANCO. The trial court did not abuse its discretion in finding that Romero never agreed to arbitrate with ANCO.

### EQUITABLE ESTOPPEL

■ ANCO contends that even if it was not expressly made a party to the agreement, arbitration of Romero's claims against it was still proper because the allegations against ANCO are so fundamentally grounded in obligations arising from the settlement agreement that Romero is equitably estopped to deny the applicability of the arbitration clause. ANCO asserts that Romero's claims against it are the same claims brought against Menna and are inherently inseparable. Romero counters that a party who has not entered into an agreement to arbitrate cannot be compelled to arbitrate.

In support of its equitable estoppel argument, ANCO relies on a line of cases holding that nonparties or nonsignatories to an arbitration agreement can be bound to arbitrate under certain circumstances. Those circumstances exist if the nature of the underlying claims asserted by the party resisting arbitration require the party to rely on the terms of the written agreement containing the arbitration provision. *See, e.g., Valero Energy Corp. v. Teco Pipeline Co.,* 2 S.W.3d 576, 591–93 (Tex. App.—Houston [14th Dist.] 1999, no pet. h.); *Carlin v. 3V Inc.,* 928 S.W.2d 291, 296 (Tex.App.—Houston [14th Dist.] 1996, no writ); *Merrill Lynch, Pierce, Fenner & Smith v. Eddings,* 838 S.W.2d 874, 878–79 (Tex.App.—Waco 1992, writ denied). In other words, the party resisting arbitration would have no claims had the agreement containing the arbitration provision not been signed.

■ When Romero dropped its breach of contract claim against ANCO, the remaining claims against ANCO did not relate to the policies that were the subject of the settlement agreement. The remaining claims related to ANCO's actions with regard to the solicitation of renewals or new policies that were *not* the subject of the settlement agreement. In addition, the doctrine of "unclean hands" requires that one who comes seeking equity must come with clean hands. *See Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd.,* 817 S.W.2d 160, 165 (Tex.App.—Houston [14th Dist.] 1991, no writ); *1st Coppell Bank v. Smith,* 742 S.W.2d 454, 464 (Tex.App.—Dallas 1987, no writ). Menna and ANCO had "unclean hands" in negotiating the settlement agreement. Menna, individually and as an officer of ANCO, actively misrepresented the status of the transaction between ANCO and Menna. ANCO came to court with "unclean hands" and is not entitled to rely on equitable estoppel to enforce the arbitration provision contained in the settlement agreement.

### CONCLUSION

The trial court did not abuse its discretion in determining that ANCO was not a party to the settlement agreement.

Romero and ANCO had no agreement to arbitrate. ANCO came to the trial court seeking to enforce the settlement agreement with "unclean hands" and is not entitled to rely on the doctrine of equitable estoppel to force Romero into arbitration. The trial court's order is affirmed.

Dissenting opinion by: SARAH B. DUNCAN, Justice.

SARAH B. DUNCAN, Justice, dissenting.

It is undisputed that the Agreement expressly referred to Wood/Menna & Company as a party; the Agreement was signed by Jay Menna of behalf of Wood/Menna & Company; and, at the time the agreement was signed, the only entity authorized to do business and doing business as Wood/Menna & Company was ANCO Insurance Services of Houston, Inc. Under these circumstances, ANCO Insurance Services, Inc. is entitled to invoke the Agreement's arbitration clause. *Cf., e.g., Carlin v. 3V Inc.*, 928 S.W.2d 291, 294–97 (Tex.App.—Houston [14th Dist.] 1996, no writ) (holding that appellee was bound by the arbitration clause contained in an agreement signed by its assignor when all of appellee's claims arose out of and were directly related to the agreement).

The majority avoids this result in reliance on two facts: Jay Menna Insurance Agency, Inc., operated under the name of Wood/Menna & Co. at the time Romero filed his first lawsuit, and the Agency continued in existence after its dissolution for purposes of defending and settling lawsuits against it. *See* TEX. BUS. CORP. ACT ANN. art. 7.12 (Vernon Supp.1999). But neither fact is relevant. To determine who or what was bound by the Agreement we must look to the state of affairs existing when the Agreement was signed, and the sole effect of the Agency's continued existence in this context was to permit Menna to settle Romero's lawsuit against, and sign the Agreement on behalf of, the Agency. Certainly it does not alter the dispositive facts—Wood/Menna & Company is expressly named in and a signatory to the Agreement; at the time the Agreement was signed, the only legal entity authorized to do business and doing business as Wood/Menna & Company was ANCO Insurance Services, Inc.; and, therefore, the only entity authorized to invoke the arbitration agreement on behalf of Wood/Menna & Company is ANCO. The trial court thus erred in denying ANCO's motion to compel arbitration.

I respectfully dissent.