No. 04-01-00161-CV



TEXAS ENTERPRISES, INC. d/b/a Golden West,


Appellant



v.



ARNOLD OIL COMPANY,


Appellee



From the 229th Judicial District Court, Duval County, Texas


Trial Court No. 98-10-17420


Honorable Alex W. Gabert, Judge Presiding





04-01-00212-CV



IN RE TEXAS ENTERPRISES, INC. d/b/a Golden West



Original Mandamus Proceeding


Arising from the 229th Judicial District Court, Duval County, Texas


Trial Court No. 98-10-17420


Honorable Alex W. Gabert, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: June 6, 2001


APPEAL DISMISSED FOR LACK OF JURISDICTION; 

PETITION FOR WRIT OF MANDAMUS DENIED


 In these consolidated proceedings, Texas Enterprises, Inc. d/b/a Golden West ("Golden
West") challenges the trial court's order denying its motion to refer claims to arbitration and motion
to reconsider motion to transfer venue. Golden West filed the original proceeding in the event we
determine that the Federal Arbitration Act governs the arbitration dispute, but filed the accelerated
appeal in the event we determine that the Texas Arbitration Act governs the arbitration dispute.
Golden West also filed the original proceeding seeking relief from the trial court's venue ruling. We
consolidated the original proceeding and accelerated appeal for purposes of briefing and argument.
Golden West asserts that the trial court abused its discretion in overruling its motion to refer the
claims to arbitration and in denying its motion to reconsider its motion to transfer venue after Arnold
Oil Company ("Arnold") dismissed its claims against Pennzoil Company ("Pennzoil).

 Because we conclude that the Federal Arbitration Act governs the arbitration dispute, we
dismiss appeal no. 04-01-00161-CV for lack of jurisdiction. Because we do not believe Golden West
is entitled to the relief sought in its mandamus petition, we deny the petition for writ of mandamus.

Background


 The basic facts underlying these consolidated proceedings are summarized in this court's
earlier opinion Pennzoil Co. v. Arnold Oil Co., 30 S.W.3d 494, 497 (Tex. App.--San Antonio 2000,
orig. proceeding), as follows.

 Pennzoil and Arnold entered into a nonexclusive contract for Arnold to distribute
Pennzoil oils and lubricants in an eighteen-county area of south Texas. In October
1997, Pennzoil gave Arnold notice, in compliance with the terms of the contract, of
its intent to terminate the contract in sixty days. Pennzoil later contracted with
[Golden West] to serve as the authorized Pennzoil distributor in the area. A year
later, Arnold sued Pennzoil and Golden West for tortious interference with contract,
civil conspiracy, and tortious interference with prospective business relationships.


 After suit was filed, Pennzoil unsuccessfully moved for a change of venue, served
interrogatories and two requests for production of documents, participated in six
depositions, participated in a docket control conference, paid a jury fee, requested an
extension of the trial date, proposed a protective order regarding discovery materials,
and filed a motion to compel discovery. On August 26, 1999, Pennzoil filed a motion
to compel arbitration pursuant to a provision in the Pennzoil/Arnold contract. On the
same day, Pennzoil and Golden West filed, subject to the motion to compel arbitration
[and motion to reconsider motion to transfer venue], a joint motion for summary
judgment on all Arnold's claims. On September 9, 1999, [Pennzoil filed an] amended
[motion] to compel arbitration [and the parties filed a joint amended motion for
summary judgment], adding only a business records affidavit to each motion. Arnold
responded to both motions and argued the motion for arbitration should be denied
because the claims [were] not within the scope of the arbitration clause and because
Pennzoil waived its right to arbitrate. After a hearing on the motions, the trial court
denied the motion for summary judgment and later denied the motion to compel
arbitration.


 Pennzoil sought relief from the trial court's order denying the motion to compel arbitration
by filing an original proceeding and an accelerated appeal, which were consolidated by this court.
We dismissed the appeal for lack of jurisdiction because we held the Federal Arbitration Act governed
the dispute. We also held that the claims were arbitrable and that Pennzoil had not waived its right
to arbitration. Our decision regarding the waiver issue was based, in part, on Golden West being a
co-defendant in the case. We explained:

 Arnold alleges it was prejudiced by the significant resources it expended in providing
discovery and responding to Pennzoil's motion for summary judgment. However,
Arnold did not submit any evidence to the trial court in support of its general
allegations. "[G]eneralized protestations about the costs of delay are insufficient to
overcome the strong federal presumption in favor of arbitration." Walker, 938 F.2d
at 578. Moreover, the record supports Pennzoil's argument that Arnold suffered no
prejudice because, even if arbitration had occurred much earlier, Golden West, which
is not a party to the arbitration agreement, would have obtained substantially the same
discovery and filed the same motion for summary judgment. Arnold's claims against
Golden West are essentially the same as its claims against Pennzoil. Golden West's
attorneys consumed over two-thirds of the time spent deposing Arnold's witnesses.
And Golden West filed the motion for summary judgment jointly with Pennzoil, based
on the same grounds. Because Arnold made no attempt to show the time and
expenses it incurred or that it would not have engaged in essentially the same
discovery and responded to the same motion for summary judgment had Pennzoil
demanded arbitration earlier in the litigation, it failed to show it was prejudiced in this
respect.


 On August 23, 2000, we ordered the trial court to vacate its earlier order and to enter an
order compelling arbitration of the claims between Arnold and Pennzoil. On August 31, 2000,
Golden West filed a motion to refer Arnold's claims against it to arbitration. On September 5, 2000,
the trial court entered an order vacating its earlier order and granting Pennzoil's motion to compel
arbitration. On September 29, 2000, Pennzoil filed a demand for arbitration with the American
Arbitration Association. Golden West filed a request to intervene in the arbitration. On October 4,
2000, Arnold filed a motion to non-suit its claims against Pennzoil, which was granted on October
10, 2000. On October 10, 2000, Golden West filed a supplement to its motion to compel arbitration,
attaching copies of the filings before the American Arbitration Association. On October 23, 2000,
Golden West filed a motion to reconsider its motion to transfer venue based on the dismissal of the
claims against Pennzoil. 

 The trial court held a hearing on Golden West's motion to compel arbitration and motion to
reconsider motion to transfer venue on January 25, 2001. Golden West explained at the hearing that
it considered its motions as alternative motions. If Arnold's claims were related to the distributorship
contract, venue was proper in Duval County, and the claims were subject to arbitration.
Alternatively, if Arnold's claims did not relate to the distributorship contract, venue was not proper
in Duval County, and the claims were not arbitrable. Arnold responded that its claims were not
related to the distributorship contract, but venue was proper in Duval County because specific acts
and damages occurred there. The trial court entered an order denying both motions on February 12,
2001.

Accelerated Appeal or Mandamus?


 In order to determine which proceeding is properly before this court, we must determine the
nature of the claims asserted by Arnold against Golden West and whether they relate to the
distributorship contract. Arnold's first cause of action is captioned "tortious interference with
contract." Arnold alleges, "The actions [by Golden West] were calculated to cause damage to Arnold
Oil in its lawful business and in fact led to Pennzoil's termination of its contractual relationship with
Arnold Oil. ... Thus, Texas Enterprises [d/b/a Golden West] is liable for tortious interference with
contractual relations." Arnold's second cause of action is captioned "civil conspiracy." Arnold
alleges, "The above described concert of action engaged in by Pennzoil and Texas Enterprises [d/b/a
Golden West] had as its object interference with the Pennzoil-Arnold Oil contractual relationships,
as well as with Arnold Oil's prospective business relations with its customers." Arnold's final cause
of action is captioned, "tortious interference with prospective business relationships." Arnold alleges,
"Arnold Oil had a number of longstanding business relations with its existing customer base. These
business relations had historically produced substantial orders for Pennzoil automotive products and
a reasonable probability of increased future orders of Pennzoil automotive products, including
lubricants. ... These defendants acted intentionally in interfering with the Pennzoil-Arnold Oil
contractual relationship...."

 The claims by Arnold against Golden West are the same claims Arnold asserted against
Pennzoil which this court considered in its earlier opinion. Pennzoil Co. v. Arnold Oil Co., 30
S.W.3d at 499 (noting Arnold's "claims against Golden West are essentially the same as its claims
against Pennzoil"). After examining the allegations, this court held that the claims against Pennzoil
related to the distributorship contract. Id. at 499. Similarly, the claims against Golden West relate
to the distributorship contract for the reasons stated in our prior opinion. See id.

 As also noted in the earlier opinion, a trial court's order denying arbitration under the Texas
Arbitration Act can be challenged by interlocutory appeal; however, the denial of arbitration under
the Federal Arbitration Act must be challenged by mandamus. See id. at 497. For the reasons given
in our earlier opinion, the Federal Arbitration Act governs the distributorship contract; therefore, the
trial court's order denying Golden West's motion to compel arbitration must be pursued by
mandamus. See id. at 497-98. Accordingly, Golden West's interlocutory appeal is dismissed for lack
of jurisdiction.

Equitable Estoppel


 Because Golden West is not a signatory to the distributorship contract, Golden West sought
to compel arbitration based on the theory of equitable estoppel. 

 Equitable estoppel allows a nonsignatory to compel arbitration in two circumstances. See
Grigson v. Creative Artists Agency, L.L.C., 210 F.3d 524, 527 (5th Cir. 2000), cert. denied, 121 S.
Ct. 570 (2000) (quoting MS Dealer Service Corp. v. Franklin, 177 F.3d 942 (11th Cir. 1999)). First,
"[a]pplication of equitable estoppel is warranted when the signatory to the contract containing an
arbitration clause raises allegations of substantially interdependent and concerted misconduct by both
the nonsignatory and one or more signatories." In re Koch Industries, Inc., No. 04-01-00067-CV,
2001 WL 388475, at *7 (Tex. App.--San Antonio Apr. 18, 2001, orig. proceeding) (quoting
Grigson). Second, equitable estoppel may be applied if the nature of the underlying claims requires
the signatory to rely on the terms of the written agreement containing the arbitration provision in
asserting its claims against the nonsignatory. See ANCO Ins. Services of Houston, Inc. v. Romero,
27 S.W.3d 1, 6 (Tex. App.--San Antonio 2000, pet. denied). 

 Whether to utilize the equitable estoppel theory to compel arbitration is within the trial court's
discretion. Grigson, 210 F.3d at 528. An abuse of discretion is shown with respect to factual issues
if the trial court could reasonably have reached only one decision and failed to do so. Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). In addition, a trial court abuses its discretion by
clearly failing to analyze or apply the law correctly. See id. at 840.

 "The linchpin for equitable estoppel is equity - fairness." Grigson, 210 F.3d at 528. As an
equitable theory, equitable estoppel is subject to traditional equitable defenses. See Romero, 27
S.W.3d at 6. For example, the doctrine of "unclean hands" requires that one who comes seeking
equity must come with clean hands. See id. In addition, "[l]aches is a defense grounded upon an
unreasonable delay by one having legal or equitable rights in asserting them, and a good faith change
of position by another to his detriment because of the delay." In re M.W.T., 12 S.W.3d 598, 604
(Tex. App.--San Antonio 2000, pet. denied); see also Caldwell v. Barnes, 975 S.W.2d 535, 538
(Tex. 1998).

 In this case, Golden West delayed asserting its motion to compel until after this court had
ordered the trial court to vacate its order denying Pennzoil's motion to compel arbitration. This court
relied upon the actions taken by Golden West as a nonparty to the arbitration agreement in granting
Pennzoil relief. See Pennzoil Co. v. Arnold Oil Co., 30 S.W.3d at 499-500. Golden West was aware
of this court's reliance upon Golden West's actions to hold that Pennzoil did not waive its right to
arbitrate when Golden West asserted the right to arbitrate. In view of these circumstances, the trial
court did not abuse its discretion in refusing to utilize the equitable estoppel theory to compel
arbitration. (1)

Venue


 Golden West also seeks mandamus relief from the trial court's denial of its motion to
reconsider motion to transfer venue. Golden West asserts that mandamus is appropriate because
Arnold has judicially admitted that the underlying case does not involve a contract naming Duval
County. In other words, Golden West contends the trial court abused its discretion in denying the
motion to transfer because the claims asserted by Arnold were not related to the distributorship
contract. 

 However, based on this court's analysis of Arnold's claims both in this opinion and in our
earlier opinion, we have concluded that the claims are related to the distributorship contract. As we
noted in our earlier opinion, "Arnold's claims against Golden West are essentially the same as its
claims against Pennzoil, and Arnold's conspiracy claim ... clearly relates to the distributorship
contract; there would be no controversy had Pennzoil not terminated Arnold's distributorship
contract." Pennzoil Co. v. Arnold Oil Co., 30 S.W.3d at 499. Because the conspiracy claim alleges
a "concert of action engaged in by Pennzoil" and Golden West, if the claim relates to the
distributorship contract with respect to Pennzoil, it necessarily relates to the distributorship contract
with respect to Golden West. At the hearing on its motions, Golden West explained that its motions
were alternative motions because if Arnold's claims were related to the distributorship contract,
venue was proper in Duval County.

 In any event, "venue determinations as a rule are not reviewable by mandamus." In re
Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999). This rule continues to be applicable to the
ordinary situation where a trial court erroneously denies a venue transfer motion, potentially wasting
the resources of the errant trial court and the parties that remain. See id. at 199. The only exception
to this rule is a situation involving truly extraordinary circumstances such as where the trial court's
ruling wrongfully burdens "fourteen other courts in fourteen other counties, hundreds of potential
jurors in those counties, and thousands of taxpayer dollars in those counties." Id. This case involves
an ordinary situation not exceptional circumstances; therefore, Golden West has an adequate remedy
by appeal with regard to the venue ruling.

Conclusion


 Because the Federal Arbitration Act applies to the arbitration dispute, appeal no. 04-01-161-CV is dismissed for lack of jurisdiction. Because Golden West is not entitled to the relief sought in
its mandamus petition, the petition for writ of mandamus is denied. Costs of these proceedings are
taxed against Texas Enterprises, Inc. d/b/a Golden West.


 Catherine Stone, Justice

PUBLISH


1. During oral argument, Golden West asserted that its delay was due to its belief that it was not entitled to seek
arbitration. Golden West asserted that it only became aware of the possibility that it could seek arbitration after reading
Chief Justice Hardberger's concurring opinion in Pennzoil Co. v. Arnold Oil Co., 30 S.W.3d at 500-502 (Hardberger,
C.J., concurring). However, the development of the equitable estoppel theory did not begin with Chief Justice
Hardberger's concurrence. In ANCO Ins. Services of Houston, Inc. v. Romero, this court previously recognized the
theory, relying on other Texas appellate court decisions from 1992, 1996, and 1999. 27 S.W.3d at 6 (citing Valero
Energy Corp. Teco Pipeline Co., 2 S.W.3d 576, 591-93 (Tex. App.--Houston [14th Dist.] 1999, no pet. h.); Carlin
v. 3V Inc., 928 S.W.2d 291, 296 (Tex. App.--Houston [14th Dist.] 1996, no writ); Merrill Lynch, Pierce, Fenner &
Smith v. Eddings, 838 S.W.2d 874, 878-79 (Tex. App.--Waco 1992, writ denied)). In addition, Chief Justice
Hardberger noted in citing Grigson, that it relied on the 1999 decision by the Eleventh Circuit in MS Dealer Service
Corp. v. Franklin, 177 F.3d 942 (11th Cir. 1999). See Pennzoil Co. v. Arnold Oil Co., 30 S.W.3d at 501 (Hardberger,
C.J., concurring). The equitable estoppel theory was not newly created by Chief Justice Hardberger's concurring
opinion.