**CIMARRON COUNTRY PROPERTY OWNERS ASSOCIATION,**
Appellant,

v.

**Joseph B. KEEN and Cheryl June Keen, Appellees.**

No. 09–02–361 CV.

Court of Appeals of Texas, Beaumont.

Submitted on Aug. 29, 2003.

Decided Sept. 25, 2003.

Matthew A. Kornhauser, Marilyn S. Altamira, Hoover Slovacek, LLP, Houston, for appellant.

Dennis A. McQueen, Pagel, David & Hill, P.C., Houston, for appellees.

Before McKEITHEN, C.J., BURGESS and DAVID B. GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

Cimarron Country Property Owners Association (Cimarron) contends appellees Joseph B. Keen and Cheryl June Keen (Keens) violated a deed restriction by operating a daycare service out of their home. Cimarron requested a permanent injunction and damages. A jury rejected Cimarron's claim, and the trial court entered judgment on the jury verdict. Cimarron presents three issues attacking the jury questions and instructions submitted, and two issues complaining of the lack of legally and factually sufficient evidence to sustain two affirmative defenses.

 We review a trial court's submission of jury questions and instructions under an abuse of discretion standard, recognizing there is a presumption in favor of broad-form submission of questions. TEX.R. CIV. P. 277; *Texas Dep't of Human Servs. v. E.B.,* 802 S.W.2d 647, 649 (Tex. 1990); *Mobil Chem. Co. v. Bell,* 517 S.W.2d 245, 256 (Tex.1974). The trial court has wide discretion in submitting explanatory instructions and definitions. *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hosp., Inc.,* 789 S.W.2d 688, 692 (Tex.App.-Corpus Christi 1990, writ denied). But whether a charge submits the controlling issues in a case, in terms of proper theories of recovery or defense, is a question of law we review *de novo. See DeLeon v. Furr's Supermarkets, Inc.,* 31 S.W.3d 297, 300 (Tex.App.-El Paso 2000, no pet.).

 The Keens knew of the deed restriction in question, Paragraph 2.A.6, which provides: "In no event shall any residential tract be used for any business purpose." In response to question one, the jury found that the Keens were using their home for business purposes, a fact the Keens freely admit. Question two, and the jury's answer, are as follows:

If you have answered "Yes" to Question No. 1, then answer Question No. 2, otherwise, do not answer Question No. 2.

### QUESTION NO. 2

Do you find from a preponderance of the evidence that such use is prohibited by the Deed Restriction?

Answer "Yes" or "No"

ANSWER: NO

Appellants complain that question two is essentially a question of law, and so was improperly submitted to the jury for determination. The undisputed facts establish the Keens were operating a business out of their home. We agree with Cimarron that, following the strict letter of the deed restriction in question, the violation was established as a matter of law.

 The Keens claim Cimarron is estopped from enforcing the deed restriction as written. They rely on the doctrine of quasi estoppel. *See Maguire Oil Co. v. City of Houston,* 69 S.W.3d 350, 367 n. 7 (Tex. App.-Texarkana 2002, pet. denied). Quasi estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Id.; Lopez v. Muñoz, Hockema & Reed, L.L.P.,* 22 S.W.3d 857, 864 (Tex.2000); *Bristol–Myers Squibb Co. v. Barner,* 964 S.W.2d 299, 302 (Tex.App.-Corpus Christi 1998, no pet.); *Enochs v. Brown,* 872 S.W.2d 312, 317 (Tex.App.-Austin 1994, no writ); *Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd.,* 817 S.W.2d 160, 164 (Tex.App.-Houston [14th Dist.] 1991, no writ). The doctrine applies when it would be unconscionable to allow a party to maintain a position inconsistent with one to which the party acquiesced, or from which the party accepted a benefit. *Lopez,* 22 S.W.3d at 864. The jury's answer to question three supports the Keens' estoppel defense.

Cimarron contends the question three jury instruction concerning estoppel was erroneously worded because it failed to require proof of a false representation or concealment of material facts. But quasi estoppel does not require this showing. *See Stable Energy, L.P. v. Newberry,* 999 S.W.2d 538, 548 (Tex.App.-Austin 1999, pet. denied). The instruction accompanying question three reads as follows: "To find estoppel, you must find that Cimarron Country Property Owners Association took some voluntary action concerning the Deed Restriction on which Joseph and Cheryl Keen relied in good faith, which led Joseph and Cheryl Keen to change the position held by them prior to such action, and that to now allow Cimarron Country Property Owners Association to enforce the Deed Restriction would be contrary to its initial action, and would result in harm to Joseph Keen and Cheryl Keen." The jury instruction accurately states the law. *See Steubner Realty 19, Ltd.,* 817 S.W.2d at 164.

Estoppel is an equitable defense. *In re EGL Eagle Global Logistics, L.P.,* 89 S.W.3d 761, 766 (Tex.App.-Houston [1st Dist.] 2002, org. proceeding). It is not for the jury to determine the expediency, necessity, or propriety of equitable relief. *See Kneip v. Unitedbank–Victoria,* 734 S.W.2d 130, 133 (Tex.App.-Corpus Christi 1987, no writ). The decision to grant or deny equitable relief is for the trial court. *See State v. Texas Pet Foods, Inc.,* 591 S.W.2d 800, 803 (Tex.1979). In the instant case, in the absence of any other objection to the form of the estoppel question and instruction, and in the absence of an appeal issue challenging the phrasing of the jury question, we construe the trial court's definitional instruction accompanying question three as submitting the underlying fact issues to the jury. We construe the judgment as reflecting the trial court's decision to apply the equitable defense to bar the claim. No reversible error concerning the form of the estoppel submission is presented. Issue 3 is overruled.

Cimarron also complains of the lack of legally and factually sufficient evidence to support the jury's finding with regard to the Keens' estoppel defense. When an appellant attacks the legal sufficiency of an adverse finding on which it does not have the burden of proof, it must demonstrate on appeal there is no evidence to support the adverse finding. *See generally Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983); *U.S. Restaurant Properties Operating L.P. v. Motel Enterprises, Inc.,* 104 S.W.3d 284, 288 (Tex. App.-Beaumont 2003, pet. denied). On appeal, the evidence is viewed in "a light tending to support the jury's verdict," and "all evidence and inferences contrary to the jury's finding" must be disregarded. *Lenz v. Lenz,* 79 S.W.3d 10, 19 (Tex.2002). In a factual sufficiency review of a jury finding on which the appellant does not have the burden of proof, an appellate court examines all the evidence and will set aside the verdict only if the evidence is so weak that it is clear the verdict is wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

Shortly after moving to their residence in Cimarron Country in 1997, the Keens approached Cimarron and inquired about the prohibition against operating a business from any residential property. Cimarron's response was in the form of a letter to the Keens dated January 6, 1998, the relevant portions being as follows:

> Thanks for your request to the Cimarron POA requesting permission to conduct child care in your home. The Board has discussed this issue and sees no problem with this type of "home business" provided that you keep only 5 or 6 children and have no outside employees.

The intent of the deed restrictions is to prohibit full-fledged businesses with disruptive customer activity from operating in a residential neighborhood.

The January 6, 1998, letter appears to memorialize an agreement between Cimarron and the Keens in which Cimarron took a position contrary to the absolute prohibition in the deed restriction. For purposes of the Keens' quasi estoppel defense, this is evidence that Cimarron previously took a position in conflict with the deed restriction it sought to enforce at trial.

While there was also evidence of a "rescission," by letter dated April 14, 1998, of this permission by Cimarron, a subsequent July 7, 1998, letter sent by Cimarron to the Keens, indicated that Cimarron would refrain from enforcing the deed restriction so long as certain "criteria" did not exist. The July 7, 1998, letter reads in part as follows:

> With reference to your previous request to maintain a home-based business in Cimarron Country, the Cimarron Country Property Owners Association Board of Directors would like [to] clarify its position on this subject. Paragraph 2.A.6. of the deed restrictions states: "In no event shall any residential tract be used for any business purpose." The Board of Directors intends to enforce this restriction. They will use the following criteria to determine whether a business exists on a Cimarron Country lot before taking steps to enforce paragraph 2.A.6. of the deed restrictions:
>
> 1. The presence of employees.
> 2. The presence of signs, either on the Cimarron Country property or elsewhere in the community.
> 3. The use of any form of advertisements.
> 4. The existence of heavy traffic to and from a Cimarron Country address.
> 5. Valid complaints from other homeowners concerning criteria 1 through 4, or other deed restrictions.

Given the prior communications between the parties, the jury reasonably could infer this letter gave permission to the Keens to operate the daycare as long as the criteria were not violated, i.e., no employees other than the Keens, no signs, no advertisements, no heavy traffic, and no valid complaints from other homeowners. From the evidence presented, the jury could conclude the daycare business was operated in compliance with the criteria listed in the letter. The record reflects no action taken by Cimarron against the Keens' daycare until almost three years later when, by letter dated May 8, 2001, the Keens were requested to cease the operation of the daycare "immediately." Further evidence was admitted showing the Keens' daycare business had become a substantial part of their income, and that they had made expenditures to enhance the business. Ms. Keen testified that to relocate her daycare business to a place outside Cimarron Country, and re-create the setting similar to what she was operating in her Cimarron Country residence, would result in what she characterized as an "astronomical" cost, in excess of $100,000. The record contains legally and factually sufficient evidence to sustain the jury's finding. The July 7, 1998, letter effectively permitted the Keens to operate the daycare so long as the Keens complied with the criteria listed in the letter. We overrule Issue 4.

The trial court did not err in rendering judgment in favor of the Keens and denying Cimarron's request for injunctive relief. Cimarron's request was based on criteria inconsistent with the criteria previously established by Cimarron as necessary to trigger enforcement of the deed restriction. *See generally Beere v. Duren,* 985 S.W.2d 243, 246 (Tex.App.-Beaumont

1999, pet. denied). We need not address Issues 2 and 5 because their resolution would not affect the disposition of the case. *See generally DeLeon,* 31 S.W.3d at 300. The trial court's judgment is affirmed.

AFFIRMED.