COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
PHELPS DODGE MAGNET WIRE         ) 
COMPANY,                                                        )                  No. 08-04-00373-CV
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  County Court at Law No. 3
)
ALFREDO CHAVELLE,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                             (TC# 2004-238)

O P I N I O N

            This is an interlocutory appeal from the trial court’s order denying a motion to compel
arbitration. For the reasons stated, we dismiss the appeal.
FACTUAL SUMMARY
            In 1993, Alfredo Chavelle was hired by Phelps Dodge Magnet Wire Company (Phelps
Dodge) as a mechanic. Chavelle sustained a job-related injury on August 13, 2002 and filed a
worker’s compensation claim. On June 27, 2003, Chavelle was informed by Phelps Dodge that he
was being laid off due to “slow work.” Phelps Dodge also fired two other mechanics at the same
time. Two of the three, including Chavelle, were over the age of 60. Believing age was the
motivating factor in his termination, Chavelle filed a charge of discrimination with the Equal
Employment Opportunity Commission. The EEOC issued a notice of right to sue. Thereafter,
Chavelle filed suit against Phelps Dodge alleging retaliatory discharge in violation of Texas Labor
Code Chapter 451 and age discrimination in violation of Texas Labor Code Chapter 21.
            Phelps Dodge filed a Motion to Compel Arbitration, claiming Chavelle received an employee
handbook which described the company’s policy of employment dispute resolution. Chavelle signed
an acknowledgment form stating he received the employee handbook and he also signed an
attendance sheet for the informational session held by Phelps Dodge regarding the new handbook. 
According to Phelps Dodge, the company policy provided for resolution of the problem through a
company appeal board or professional arbitrator. The trial court denied the motion. 
WHICH ACT APPLIES?
            The employee handbook did not designate whether the Federal Arbitration Act (FAA) or the
Texas Arbitration Act (TAA) would apply to employee disputes. If the FAA applies, we review the
denial of a motion to compel arbitration via a mandamus proceeding. If the TAA applies, then relief
must be sought through an interlocutory appeal. Russ Berrie and Co., Inc. v. Gantt, 998 S.W.2d 713,
714-15 (Tex.App.--El Paso 1999, no pet.). If a party is unsure which act applies, it must file both
an interlocutory appeal and a mandamus to insure that jurisdiction is invoked. Id. at 715. Phelps
Dodge has properly done both.
            The FAA applies to transactions that involve commerce. 9 U.S.C. § 2 (2005). “Commerce”
has been broadly defined and encompasses contracts relating to interstate commerce. In re Gardner
Zemke Co., 978 S.W.2d 624, 626 (Tex.App.--El Paso 1998, no pet. )(orig. proceeding). The FAA
does not require a substantial effect on interstate commerce; it only requires commerce to be
involved or affected. In re L & L Kempwood Associates., L.P., 9 S.W.3d 125, 127 (Tex. 1999)(orig.
proceeding); In re Merrill Lynch Trust Co. FSB, 123 S.W.3d 549, 553 (Tex.App.--San Antonio
2003, no pet.). Phelps Dodge engineers products for the transportation, energy, and tele-communications industries worldwide. If a party establishes the agreement falls under the FAA and
the opposing party does not dispute it, the trial court is obliged to compel arbitration. Cantella &
Co., Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996). Chavelle has never contested the FAA’s
application to the dispute either in this court or the trial court. Because we conclude that the FAA
applies such that mandamus is the appropriate method of recourse,


 we dismiss the interlocutory
appeal for want of jurisdiction. See Texas Enterprises, Inc. v. Arnold Oil Co., 59 S.W.3d 244, 248
(Tex.App.--San Antonio 2001, no pet.). Having dismissed Appellant’s interlocutory appeal for want
of jurisdiction, we overrule all of Appellant’s points of error.


September 29, 2005                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.